Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Brieanne Scully (BS 3711)
bscully@ipcounselors.com
Danielle S. Yamali (DY 4228)
dfutterman@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone:   (212) 292-5390
Facsimile:   (212) 292-5391
*Attorneys for Plaintiff*
*Qlay Co.*



## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

QLAY CO.,

*Plaintiff*

v.

ANGELS IN TALES STORE, AUSTINJULY STORE, AWATY LITHER STORE, BACKPACK SHOP24 STORE, COS BAG MADE STORE, GAO SHANG STORE, GD002 STORE, HITSTARS STORE, HOCLOCE STORE, KINGCOS STORE, K-POP OFFICIALL STORE, LISA DISCOUNT STORE STORE, LIVECUSTOM STORE, LOVED BABY, LUCKYSHOP STORE, SHOP3626118 STORE, SHOP5004150 STORE, SHOP5004496 STORE, SHOP5060072 STORE, SHOP5074023 STORE, SHOP5422025 STORE, SHOP5586026 STORE, SHOP5778107 STORE, SHOP5881873 STORE, SHOP900235162 STORE, SHOP900253394 STORE, SHOP910413010 STORE, SHOP910552316 STORE, SHOP910559300 STORE, SHOP910565351 STORE, SHOP910717076 STORE, SHOP910759013 STORE, SHOP910760026 STORE, SHOP910767007 STORE, SHOP910770013 STORE, SHOP910863009 STORE, SHOP910895008 STORE, SHOP910896015 STORE, SHOP910904046 STORE, SHOP910919024 STORE, SHOP910922015 STORE, SHOP910940069 STORE, SHOP910951030 STORE, SHOP910959005 STORE, SHOP910959006 STORE, SHOP910966066 STORE,

**20-cv-9782 (JGK)**

**[PROPOSED]**
**PRELIMINARY**
**INJUNCTION ORDER**

SHOP910980069 STORE, SHOP910986013 STORE,
SHOP911027044 STORE, SHOP911038119 STORE,
SHOP911039036 STORE, SHOP911039159 STORE,
SHOP911040137 STORE, SHOP911044146 STORE,
SHOP911046144 STORE, SHOP911049121 STORE,
SHOP911051112 STORE, SHOP911051151 STORE,
SHOP911054143 STORE, SHOP911055157 STORE,
SHOP911056077 STORE, SHOP911056143 STORE,
SHOP911059115 STORE, SHOP911064135 STORE,
SHOP911065030 STORE, SHOP911068059 STORE,
SURPRISE HOUSE STORE, TRENDY-A CLOTHES
STORE, YMX STORE, YONGCUN NO01 STORE
and            YPODSCUSTOM            STORE,

*Defendants*

## GLOSSARY

| Term | Definition |
|---|---|
| **Plaintiff or Qlay** | Qlay Co. |
| **Defendants** | Angels in tales Store, AustinJuly Store, Awaty Lither Store, Backpack shop24 Store, COS BAG MADE Store, gao shang Store, GD002 Store, Hitstars Store, HOCLOCE Store, Kingcos Store, k-pop Officiall Store, Lisa discount store Store, livecustom Store, loved baby, Luckyshop Store, Shop3626118 Store, Shop5004150 Store, Shop5004496 Store, Shop5060072 Store, Shop5074023 Store, Shop5422025 Store, Shop5586026 Store, Shop5778107 Store, Shop5881873 Store, Shop900235162 Store, Shop900253394 Store, Shop910413010 Store, Shop910552316 Store, Shop910559300 Store, Shop910565351 Store, Shop910717076 Store, Shop910759013 Store, Shop910760026 Store, Shop910767007 Store, Shop910770013 Store, Shop910863009 Store, Shop910895008 Store, Shop910896015 Store, Shop910904046 Store, Shop910919024 Store, Shop910922015 Store, Shop910940069 Store, Shop910951030 Store, Shop910959005 Store, Shop910959006 Store, Shop910966066 Store, Shop910980069 Store, Shop910986013 Store, Shop911027044 Store, Shop911038119 Store, Shop911039036 Store, Shop911039159 Store, Shop911040137 Store, Shop911044146 Store, Shop911046144 Store, Shop911049121 Store, Shop911051112 Store, Shop911051151 Store, Shop911054143 Store, Shop911055157 Store, Shop911056077 Store, Shop911056143 Store, Shop911059115 Store, Shop911064135 Store, Shop911065030 Store, Shop911068059 Store, Surprise House Store, Trendy-A clothes Store, ymx Store, yongcun NO01 Store and ypodscustom Store |
| **Alibaba** | Alibaba.com, an online marketplace platform that allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York |
| **AliExpress** | Aliexpress.com, an online marketplace platform that allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers |

| | across the world and specifically to consumers residing in the U.S., including New York |
|---|---|
| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiff |
| **New York Address** | 244 Madison Ave, Suite 411, New York, New York 10016 |
| **Complaint** | Plaintiff's Complaint filed on November 20, 2020 |
| **Application** | Plaintiff's *Ex Parte* Application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery filed on November 20, 2020 |
| **Clay Dec.** | Declaration of Chad Wild Clay in Support of Plaintiff's Application |
| **Drangel Dec.** | Declaration of Jason M. Drangel in Support of Plaintiff's Application |
| **CWC** | Chad Wild Clay |
| **CWC Content** | YouTube videos on the Chad Wild Clay YouTube Channel, best known for its action, adventure and mystery videos starring Chad Wild Clay and Vy Qwaint |
| **CWC Mark** | U.S. Trademark Registration No. 6,012,760 for "  " for a variety of goods in Classes 9, 14, 16, 18, 22, 25 and 35 |
| **CWC Products** | A variety of consumer products, including t-shirts, hoodies, backpacks and other gear, bearing the CWC Mark |
| **Counterfeit Products** | Products bearing or used in connection with the CWC Mark, and/or products in packaging and/or containing labels bearing the CWC Mark, and/or bearing or used in connection with marks that are confusingly similar to the CWC Mark and/or products that are identical or confusingly similar to the CWC Products |
| **Infringing Listings** | Defendants' listings for Counterfeit Products |
| **User Accounts** | Any and all websites and any and all accounts with online marketplace platforms such as Alibaba, AliExpress, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants |

|  | and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| --- | --- |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) |
| **Financial Institutions** | Any banks, financial institutions, credit card companies and payment processing agencies, such as PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), the Alibaba Group d/b/a Alibaba.com payment services (e.g., Alipay.com Co., Ltd., Ant Financial Services Group), PingPong Global Solutions, Inc. ("PingPong") and other companies or agencies that engage in the processing or transfer of money and/or real or personal property of Defendants |
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, those owned and operated, directly or indirectly by Alibaba and/or AliExpress, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise |

WHERAS, Plaintiff having moved *ex parte* on November 20, 2020 against Defendants for the following: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts and Defendants' Assets with the Financial Institutions; 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery;

WHEREAS, the Court entered an Order granting Plaintiff's Application on November 20, 2020 which ordered Defendants to appear on December 2, 2020 at 10:00 a.m. to show cause why a preliminary injunction should not issue ("Show Cause Hearing");

WHEREAS, on November 27, 2020, pursuant to the alternative methods of service authorized by the TRO, Plaintiff served the Summons, Complaint, TRO and all papers filed in support of the Application on each and every Defendant;

WHEREAS, on December 2, 2020 at 10:00 a.m., Plaintiff appeared at the Show Cause Hearing, however, no Defendants appeared.

## ORDER

1.  The injunctive relief previously granted in the TRO shall remain in place through the pendency of this litigation, and issuing this Order is warranted under Federal Rule of Civil Procedure 65 and Section 34 of the Lanham Act.

    a)  Accordingly, Defendants are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

        i.  manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products or any other products bearing the CWC Mark and/or

marks that are confusingly similar to, identical to and constitute a counterfeiting and/or infringement of the CWC Mark;

ii. directly or indirectly infringing in any manner Plaintiff's CWC Mark;

iii. using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's CWC Mark to identify any goods or services not authorized by Plaintiff;

iv. using Plaintiff's CWC Mark or any other marks that are confusingly similar to the CWC Mark on or in connection with Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products;

v. using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants and Defendants' commercial activities and Plaintiff;

vi. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products and/or (ii) any computer files, data, business records, documents or any other records or evidence relating to their User Accounts, Merchant Storefronts or Defendants' Assets and the manufacture, importation, exportation, advertising, marketing,

2

promotion, distribution, display, offering for sale and/or sale of Counterfeit Products;

vii. effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Merchant Storefront or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order; and

viii. knowingly instructing, aiding or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(vii) above and 1(b)(i) through 1(b)(ii) and 1(c)(i) below.

b) Accordingly, the Third Party Service Providers and Financial Institutions are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

i. secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defendants' Assets from or to Defendants' Financial Accounts until further ordered by this Court;

ii. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to the Defendants' User Accounts, Merchant Storefronts, Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution,

3

display, offering for sale and/or sale of Counterfeit Products; and

    iii. knowingly instructing, aiding, or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(vii) and 1(b)(i) through 1(b)(ii) above.

c) Accordingly, the Third Party Service Providers are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

    i. providing services to Defendants, Defendants' User Accounts and Defendants' Merchant Storefronts, including, without limitation, continued operation of Defendants' User Accounts and Merchant Storefronts;

    ii. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to the Defendants' User Accounts, Merchant Storefronts, Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products; and

    iii. knowingly instructing, aiding, or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(vii), 1(b)(i) through 1(b)(ii) and 1(c)(i) through 1(c)(ii) above.

2. As sufficient cause has been shown, the asset restraint granted in the TRO shall remain in place through the pendency of this litigation, including that:

a) within seven (7) days of receipt of notice of this Order, any newly discovered Financial Institutions who are served with this Order shall locate and attach Defendants'

4

Financial Accounts, shall provide written confirmation of such attachment to Plaintiff's counsel and provide Plaintiff's counsel with a summary report containing account details for any and all such accounts, which shall include, at a minimum, identifying information for Defendants and Defendants' User Accounts, contact information for Defendants (including mailing addresses and e-mail addresses), account numbers and account balances for any and all of Defendants' Financial Accounts.

3. As sufficient cause has been shown, the expedited discovery previously granted in the TRO shall remain in place through the pendency of this litigation, including that:

   a) Plaintiff may serve interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure as well as Local Civil Rule 33.3 of the Local Rules for the Southern and Eastern Districts of New York and Defendants who are served with this Order shall provide written responses under oath to such interrogatories within fourteen (14) days of service to Plaintiff's counsel.

   b) Plaintiff may serve requests for the production of documents pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Defendants who are served with this Order, their respective officers, employees, agents, servants and attorneys and all persons in active concert or participation with any of them who receive actual notice of this Order shall produce all documents responsive to such requests within fourteen (14) days of service to Plaintiff's counsel.

   c) Within fourteen (14) days after receiving notice of this Order, all Financial Institutions who receive service of this Order shall provide Plaintiff's counsel with all documents and records in their possession, custody or control (whether located in the U.S. or abroad), relating to any and all of Defendants' Financial Accounts, User Accounts and

Merchant Storefronts, including, but not limited to, documents and records relating to:

i.      account numbers;

ii.     current account balances;

iii.    any and all identifying information for Defendants and Defendants' User Accounts, including names, addresses and contact information;

iv.     any and all account opening documents and records, including, but not limited to, account applications, signature cards, identification documents, and if a business entity, any and all business documents provided for the opening of each and every of Defendants' Financial Accounts;

v.      any and all deposits and withdrawal during the previous year from each and every of Defendants' Financial Accounts and any and all supporting documentation, including, but not limited to, deposit slips, withdrawal slips, cancelled checks and account statements;

vi.     any and all wire transfers into each and every of Defendants' Financial Accounts during the previous year, including, but not limited to, documents sufficient to show the identity of the destination of the transferred funds, the identity of the beneficiary's bank and the beneficiary's account number;

vii.    any and all User Accounts and account details, including, without limitation, identifying information and account numbers for any and all User Accounts that Defendants have ever had and/or currently maintain;

viii.   the identities, location and contact information, including any and all e-mail addresses, of Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them;

6

    ix.    the nature of Defendants' businesses and operations, methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendants' User Accounts, a full accounting of Defendants' sales history and listing history under such accounts, and Defendants' Financial Accounts associated with Defendants' User Accounts; and

    x.    Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling of Counterfeit Products, or any other products bearing the CWC Mark and/or marks that are confusingly similar to, identical to and constitute a counterfeiting and/or infringement of the CWC Mark.

d) Within fourteen (14) days of receipt of service of this Order, the Third Party Service Providers shall provide to Plaintiff's counsel all documents and records in its possession, custody or control (whether located in the U.S. or abroad) relating to Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, documents and records relating to:

    i.    any and all User Accounts and Defendants' Merchant Storefronts and account details, including, without limitation, identifying information and account numbers for any and all User Accounts and Defendants' Merchant Storefronts that Defendants have ever had and/or currently maintain with the Third Party Service Providers;

    ii.    the identities, location and contact information, including any and all e-mail addresses of Defendants;

7

    iii.    the nature of Defendants' businesses and operations, methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendants' User Accounts and Defendants' Merchant Storefronts, a full accounting of Defendants' sales history and listing history under such accounts and Defendants' Financial Accounts with any and all Financial Institutions associated with Defendants' User Accounts and Defendants' Merchant Storefronts; and

    iv.    Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling of Counterfeit Products, or any other products bearing one or more of the CWC Mark and/or marks that are confusingly similar to, identical to and constitute an infringement of the CWC Mark.

4.  As sufficient cause has been shown, and pursuant to FRCP 4(f)(3), service may be made on, and shall be deemed effective as to Defendants if it is completed by one of the following means:

a)  delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website (including NutStore, a large mail link created through Rmail.com or via website publication through a specific page dedicated to this Lawsuit accessible through ipcounselorslawsuit.com) where each Defendant will be able to download a PDF copy of this Order, to Defendants' e-mail addresses to be determined after having been identified by Alibaba and/or AliExpress pursuant to **Paragraph V(C)**; or

b)  delivery of a message to Defendants through the system for communications established by the Third Party Service Providers on their respective platforms,

8

providing a link to a secure website (such as NutStore or a large mail link created
through Rmail.com) where each Defendant will be able to download a PDF copy of
this Order.

5. As sufficient cause has been shown, that such alternative service by electronic means
ordered in the TRO and herein shall be deemed effective as to Defendants, Third Party
Service Providers and Financial Institutions through the pendency of this action.

6. As sufficient cause has been shown, service of this Order shall be made on and deemed
effective as to the Third Party Service Providers and Financial Institutions if it is completed
by the following means:

   a) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where
   PayPal will be able to download a PDF copy of this Order via electronic mail to
   PayPal Legal Specialist at EEOMALegalSpecialist@paypal.com;

   b) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where
   AliPay.com Co., Ltd., Ant Financial Services will be able to download a PDF copy
   of this Order via electronic mail Mr. Di Zhang, Member of the Legal & Compliance
   Department – IP, at di.zd@alipay.com;

   c) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where
   Alibaba will be able to download a PDF copy of this Order via electronic mail to
   Chloe He, Alibaba Group at chloe.he@alibaba-inc.com;

   d) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where
   Payoneer Inc. will be able to download a PDF copy of this Order via electronic mail
   to      Payoneer      Inc.'s      Customer      Service      Management      at
   customerservicemanager@payoneer.com and Edward Tulin, counsel for Payoneer

9

Inc., at Edward.Tulin@skadden.com; and

e) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PingPong Global Solutions Inc. will be able to download a PDF copy of this Order via electronic mail to legal@pingpongx.com.

7. Defendants are hereby given notice that they may be deemed to have actual notice of the terms of this Order and any act by them or anyone of them in violation of this Order may be considered and prosecuted as in contempt of this Court.

8. The $10,000.00 bond posted by Plaintiff shall remain with the Court until a final disposition of this case or until this Order is terminated.

9. This Order shall remain in effect during the pendency of this action, or until further order of the Court.

10. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order on two (2) days' notice to Plaintiff or on shorter notice as set by the Court.

**SO ORDERED.**

SIGNED this 2 day of December, 2020, at 10:10 a.m.
New York, New York

HON. JOHN G. KOELTL
UNITED STATES DISTRICT JUDGE