Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Danielle (Yamali) Futterman (DY 4228)
dfutterman@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone:     (212) 292-5390
Facsimile:      (212) 292-5391
*Attorneys for Plaintiff*
*Qlay Co.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| QLAY CO.,<br><br>*Plaintiff*<br><br>v.<br><br>ANGELS IN TALES STORE, AUSTINJULY STORE, AWATY LITHER STORE, BACKPACK SHOP24 STORE, COS BAG MADE STORE, GAO SHANG STORE, GD002 STORE, HITSTARS STORE, HOCLOCE STORE, KINGCOS STORE, K-POP OFFICIALL STORE, LISA DISCOUNT STORE STORE, LIVECUSTOM STORE, LOVED BABY, LUCKYSHOP STORE, SHOP3626118 STORE, SHOP5004150 STORE, SHOP5004496 STORE, SHOP5060072 STORE, SHOP5074023 STORE, SHOP5422025 STORE, SHOP5586026 STORE, SHOP5778107 STORE, SHOP5881873 STORE, SHOP900235162 STORE, SHOP900253394 STORE, SHOP910413010 STORE, SHOP910552316 STORE, SHOP910559300 STORE, SHOP910565351 STORE, SHOP910717076 STORE, SHOP910759013 STORE, SHOP910760026 STORE, SHOP910767007 STORE, SHOP910770013 STORE, SHOP910863009 STORE, SHOP910895008 STORE, SHOP910896015 STORE, SHOP910904046 STORE, SHOP910919024 STORE, SHOP910922015 STORE, SHOP910940069 STORE, SHOP910951030 STORE, SHOP910959005 STORE, | CIVIL ACTION No.<br>20-cv-9782 (JGK)<br><br>[~~REVISED PROPOSED~~]<br>**FINAL DEFAULT JUDGMENT AND PERMANENT INJUNCTION ORDER** |

SHOP910959006 STORE, SHOP910966066 STORE,
SHOP910980069 STORE, SHOP910986013 STORE,
SHOP911027044 STORE, SHOP911038119 STORE,
SHOP911039036 STORE, SHOP911039159 STORE,
SHOP911040137 STORE, SHOP911044146 STORE,
SHOP911046144 STORE, SHOP911049121 STORE,
SHOP911051112 STORE, SHOP911051151 STORE,
SHOP911054143 STORE, SHOP911055157 STORE,
SHOP911056077 STORE, SHOP911056143 STORE,
SHOP911059115 STORE, SHOP911064135 STORE,
SHOP911065030 STORE, SHOP911068059 STORE,
SURPRISE HOUSE STORE, TRENDY-A CLOTHES
STORE, YMX STORE, YONGCUN NO01 STORE and
YPODSCUSTOM                              STORE,

*Defendants*

## GLOSSARY

| Term | Definition | Docket Entry Number |
|------|-----------|---------------------|
| **Plaintiff or Qlay** | Qlay Co. | N/A |
| **Defendants** | Angels in tales Store, AustinJuly Store, Awaty Lither Store, Backpack shop24 Store, COS BAG MADE Store, gao shang Store, GD002 Store, Hitstars Store, HOCLOCE Store, Kingcos Store, k-pop Officiall Store, Lisa discount store Store, livecustom Store, loved baby, Luckyshop Store, Shop3626118 Store, Shop5004150 Store, Shop5004496 Store, Shop5060072 Store, Shop5074023 Store, Shop5422025 Store, Shop5586026 Store, Shop5778107 Store, Shop5881873 Store, Shop900235162 Store, Shop900253394 Store, Shop910413010 Store, Shop910552316 Store, Shop910559300 Store, Shop910565351 Store, Shop910717076 Store, Shop910759013 Store, Shop910760026 Store, Shop910767007 Store, Shop910770013 Store, Shop910863009 Store, Shop910895008 Store, Shop910896015 Store, Shop910904046 Store, Shop910919024 Store, Shop910922015 Store, Shop910940069 Store, Shop910951030 Store, Shop910959005 Store, Shop910959006 Store, Shop910966066 Store, Shop910980069 Store, Shop910986013 Store, Shop911027044 Store, Shop911038119 Store, Shop911039036 Store, Shop911039159 Store, Shop911040137 Store, Shop911044146 Store, Shop911046144 Store, Shop911049121 Store, Shop911051112 Store, Shop911051151 Store, Shop911054143 Store, Shop911055157 Store, Shop911056077 Store, Shop911056143 Store, Shop911059115 Store, Shop911064135 Store, Shop911065030 Store, Shop911068059 Store, Surprise House Store, Trendy-A clothes Store, ymx Store, yongcun NO01 Store and ypodscustom Store | N/A |
| **Defaulting Defendants** | Angels in tales Store, AustinJuly Store, Awaty Lither Store, Backpack shop24 Store, COS BAG MADE Store, gao shang Store, GD002 Store, Hitstars Store, HOCLOCE Store, Kingcos Store, k-pop Officiall Store, Lisa discount store Store, livecustom Store, loved baby, Luckyshop Store, Shop3626118 Store, Shop5004150 Store, Shop5004496 Store, Shop5060072 Store, Shop5074023 Store, Shop5422025 Store, Shop5586026 | N/A |

| | | |
|---|---|---|
| | Store, Shop5778107 Store, Shop5881873 Store, Shop900235162 Store, Shop900253394 Store, Shop910413010 Store, Shop910552316 Store, Shop910559300 Store, Shop910565351 Store, Shop910717076 Store, Shop910759013 Store, Shop910760026 Store, Shop910767007 Store, Shop910770013 Store, Shop910863009 Store, Shop910895008 Store, Shop910896015 Store, Shop910904046 Store, Shop910919024 Store, Shop910922015 Store, Shop910940069 Store, Shop910951030 Store, Shop910959005 Store, Shop910959006 Store, Shop910966066 Store, Shop910980069 Store, Shop910986013 Store, Shop911027044 Store, Shop911038119 Store, Shop911039036 Store, Shop911039159 Store, Shop911040137 Store, Shop911044146 Store, Shop911046144 Store, Shop911049121 Store, Shop911051112 Store, Shop911051151 Store, Shop911054143 Store, Shop911055157 Store, Shop911056077 Store, Shop911056143 Store, Shop911059115 Store, Shop911064135 Store, Shop911065030 Store, Shop911068059 Store, Surprise House Store, Trendy-A clothes Store, ymx Store, yongcun NO01 Store and ypodscustom Store | |
| **Alibaba** | Alibaba.com, an online marketplace platform that allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York | N/A |
| **AliExpress** | Aliexpress.com, an online marketplace platform that allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York | N/A |
| **Sealing Order** | Order to Seal File entered on November 20, 2020 | Dkt. 1 |
| **Complaint** | Plaintiff's Complaint filed on November 20, 2020 | Dkt. 6 |
| **Application** | Plaintiff's *Ex Parte* Application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order | Dkts. 9-12 |

|  |  |  |
|---|---|---|
|  | authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery filed on November 20, 2020 |  |
| **Clay Dec.** | Declaration of Chad Wild Clay in Support of Plaintiff's Application | Dkt. 11 |
| **Drangel Dec.** | Declaration of Jason M. Drangel in Support of Plaintiff's Application | Dkt. 12 |
| **TRO** | 1) Temporary Restraining Order; 2) Order Restraining Merchant Storefronts and Defendants' Assets with the Financial Institutions; 3) Order to Show Cause Why a Preliminary Injunction Should Not Issue; 4) Order Authorizing Bifurcated and Alternative Service; and 5) Order Authorizing Expedited Discovery entered on November 20, 2020 | N/A |
| **PI Show Cause Hearing** | December 2, 2020 hearing to show cause why a preliminary injunction should not issue | N/A |
| **PI Order** | December 2, 2020 Preliminary Injunction Order | Dkt. 4 |
| **User Accounts** | Any and all websites and any and all accounts with online marketplace platforms such as Alibaba, AliExpress, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |
| **CWC** | Chad Wild Clay | N/A |
| **CWC Content** | YouTube videos on the Chad Wild Clay YouTube Channel, best known for its action, adventure and mystery videos starring Chad Wild Clay and Vy Qwaint | N/A |

| | | |
|---|---|---|
| **CWC Mark** | U.S. Trademark Registration No. 6,012,760 for “ ” for a variety of goods in Classes 9, 14, 16, 18, 22, 25 and 35 | N/A |
| **CWC Products** | A variety of consumer products, including t-shirts, hoodies, backpacks and other gear, bearing the CWC Mark | N/A |
| **Counterfeit Products** | Products bearing or used in connection with the CWC Mark, and/or products in packaging and/or containing labels bearing the CWC Mark, and/or bearing or used in connection with marks that are confusingly similar to the CWC Mark and/or products that are identical or confusingly similar to the CWC Products | N/A |
| **Infringing Listings** | Defendants’ listings for Counterfeit Products | N/A |
| **Defendants’ Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) | N/A |
| **Defendants’ Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants’ User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) | N/A |
| **Financial Institutions** | Any banks, financial institutions, credit card companies and payment processing agencies, such as PayPal Inc. (“PayPal”), Payoneer Inc. (“Payoneer”), the Alibaba Group d/b/a Alibaba.com payment services (e.g., Alipay.com Co., Ltd., Ant Financial Services Group), PingPong Global Solutions, Inc. (“PingPong”) and other companies or agencies that engage in the processing or transfer of money and/or real or personal property of Defendants | N/A |
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, those owned and operated, directly or indirectly by Alibaba and/or AliExpress, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are | N/A |

|  | hereinafter identified as a result of any order entered in this action, or otherwise |  |
|---|---|---|
| **Defendants' Frozen Assets** | Defendants' Assets from Defendants' Financial Accounts that were and/or are attached and frozen or restrained pursuant to the TRO and/or PI Order, or which are attached and frozen or restrained pursuant to any future order entered by the Court in this Action | N/A |
| **Plaintiff's Motion for Default Judgment** | Plaintiff's Application for an Order to Show Cause Why Default Judgment and a Permanent Injunction should not be entered Against Defaulting Defendants filed on April 1, 2021 | 19-22 |
| **Scully Aff.** | Affidavit by Brieanne Scully in Support of Plaintiff's Motion for Default Judgment | 20 |

This matter comes before the Court by motion filed by Plaintiff for the entry of final judgment and permanent injunction by default against Defaulting Defendants for Defaulting Defendants' trademark infringement, trademark counterfeiting, false designation of origin, passing off and unfair competition and related state and common law claims arising out of Defaulting Defendants' unauthorized use of Plaintiff's CWC Mark, without limitation, in their manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying or offering for sale and/or selling and/or sale of Counterfeit Products.[1]

The Court, having considered the Memorandum of Law and Affidavit of Brieanne Scully in support of Plaintiff's Motion for Default Judgment and a Permanent Injunction Against Defaulting Defendant, the Certificates of Service of the Summons and Complaint, the Certificate of the Clerk of the Court stating that no answer has been filed in the instant action, and upon all other pleadings and papers on file in this action, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

## I.    Defaulting Defendants' Liability

1) Judgment is granted in favor of Plaintiff on all claims properly pled against Defaulting Defendants in the Complaint;

## II.    Damages Awards

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that because it would serve both the compensatory and punitive purposes of the Lanham Act's prohibitions on willful infringement, and because Plaintiff has sufficiently set forth the basis for the statutory damages award requested in its Motion for Default Judgment, the Court finds such an award to be reasonable and Plaintiff is awarded statutory damages in the amount of $50,000.00

---

[1] Where a defined term is referenced herein and not defined herein, the defined term should be understood as it is defined in the Glossary.

("Defaulting Defendants' Individual Damages Award") against each of the seventy-one (71) Defaulting Defendants pursuant to Section 15 U.S.C. § 1117(c) of the Lanham Act, plus post-judgment interest, for a total of Three Million Five Hundred Fifty Thousand Dollars ($3,550,000.00);

### III.   **Permanent Injunction**

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that Defaulting Defendant, its respective officers, agents, servants, employees, successors and assigns and all persons acting in concert with or under the direction of Defaulting Defendants (regardless of whether located in the United States or abroad), who receive actual notice of this Order are permanently enjoined and restrained from:

   A. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products or any other products bearing one or more of the CWC Mark and/or marks that are confusingly similar to, identical to and constitute a counterfeiting and/or infringement of the CWC Mark;

   B. directly or indirectly infringing in any manner Plaintiff's CWC Mark;

   C. using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's CWC Mark to identify any goods or services not authorized by Plaintiff;

   D. using Plaintiff's CWC Mark, or any other marks that are confusingly similar to the CWC Mark on or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products;

E.  using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defaulting Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defaulting Defendants and Defaulting Defendants' commercial activities by Plaintiff;

F.  secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products; (ii) any computer files, data, business records, documents or any other records or evidence relating to:

   i.  Defaulting Defendants' User Accounts and/or Merchant Storefronts;

   ii.  Defaulting Defendants' Assets; and

   iii. the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products by Defaulting Defendants and by their respective officers, employees, agents, servants and all persons in active concert or participation with any of them; and

G.  effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Accounts, Merchant Storefronts or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order.

3

2) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defaulting Defendants must deliver up for destruction to Plaintiff any and all Counterfeit Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of Defaulting Defendants that infringe any of Plaintiff's trademarks, copyrights or other rights including, without limitation, the CWC Mark, or bear any marks that are confusingly similar to the CWC Mark pursuant to 15 U.S.C. § 1118;

3) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Third Party Service Providers and Financial Institutions are permanently enjoined and restrained from:

    A. secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying any of the Defaulting Defendants' Frozen Assets from or to Defaulting Defendants' Financial Accounts until further ordered by this Court;

    B. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to Defaulting Defendants' Frozen Assets and Defaulting Defendants' Financial Accounts;

    C. knowingly instructing, aiding or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs III(1)(A) through III(2) and III(3)(A) through III(3)(B) above through III(4)(A) below.

4) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Third Party Service Providers are permanently enjoined and restrained from:

    A. providing services to Defaulting Defendants and Defaulting Defendants' User Accounts and Merchant Storefronts, including, without limitation, continued operation of Defaulting Defendants' User Accounts and Merchant Storefronts; and

B. knowingly instructing, aiding or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs III(1)(A) through III(2) and III(3)(A) through III(3)(B) above through III(4)(A) above.

## IV.   Temporary Continuance of Asset Restraint

1) IT IS FURTHER ORDERED, as sufficient cause has been shown, that the Defendants are forbidden to make or suffer any sale, assignment, transfer or interference with any property in which they have an interest, except as set forth in subdivisions (h) and (i) of Section 5222 of the CPLR, for a thirty (30) day period after the entry of this Order.

## V.   Post-Judgment Asset Restraint and Transfer Order Pursuant to Rules 64, Rule 65, 15 U.S.C. § 1116(a) and this Court's Inherent Equitable Powers

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that in accordance with Rule 64 of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116(a) and this Court's inherent equitable powers to issue remedies ancillary to its authority to provide final relief, and given the difficulties Plaintiff would have enforcing this Order, Defaulting Defendants' Frozen Assets from Defaulting Defendants' Frozen Accounts, are, to the extent that a given Defaulting Defendants' Frozen Assets equal Defaulting Defendants' Individual Damages Award, hereby released and transferred to Plaintiff as full satisfaction of Defaulting Defendants' Individual Damages Awards for that Defaulting Defendant, and those Defaulting Defendants' Frozen Assets shall be transferred by the Financial Institutions to Plaintiff through Plaintiff's counsel within twenty (20) business days following the service of this Order, and upon receipt by Plaintiff's counsel of such Defaulting Defendants' Frozen Assets in full satisfaction of Defaulting Defendants' Individual Damages Awards, the Financial Institution(s) holding that Defaulting Defendants' Frozen Assets and Defaulting Defendants' Frozen Accounts may unfreeze that Defaulting Defendants' Frozen Assets and Defaulting Defendants' Frozen

Accounts. To the extent that Defaulting Defendants' Frozen Assets are less than Defaulting Defendants' Individual Damages Awards, that Defaulting Defendants' Frozen Assets are hereby released and transferred to Plaintiff as partial satisfaction of Defaulting Defendants' Individual Damages Awards for that Defaulting Defendant and those Defaulting Defendants' Frozen Assets shall be transferred by the Financial Institutions to Plaintiff through Plaintiff's counsel within twenty (20) business days following the service of this Order, and

2) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that in accordance with Rule 64, Rule 65, 15 U.S.C. § 1116(a) and this Court's inherent equitable powers to issue remedies ancillary to its authority to provide final relief, and given the difficulties Plaintiff would have enforcing this Order, the Court also hereby grants Plaintiff's request for a post-judgment restraining order continuing the attachment of each Defaulting Defendants' Frozen Assets until Plaintiff has recovered the full payment of Defaulting Defendants' Individual Damages Awards owed to it by that Defaulting Defendants under this Order, or until further order of this Court; and

3) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that in accordance with Rule 64, Rule 65, 15 U.S.C. § 1116(a) and this Court's inherent equitable powers to issue remedies ancillary to its authority to provide final relief, and given the difficulties Plaintiff would have enforcing this Order, until Plaintiff has recovered the full payment of Defaulting Defendants' Individual Damages Awards owed to them by any Defaulting Defendant under this Order, in the event that Plaintiff discovers new and/or additional Defaulting Defendants' Assets (whether said assets are located in the U.S. or abroad) and/or Defaulting Defendants' Financial Accounts (whether said account is located in the U.S. or abroad) ("Defaulting Defendants' Additional Assets" and "Defaulting Defendants' Additional Financial Accounts,"

respectively), Plaintiff shall have the ongoing authority to serve this Order on any Financial Institutions controlling or otherwise holding such Defaulting Defendants' Additional Assets and/or Defaulting Defendants' Additional Financial Accounts ("Financial Institutions Holding Defaulting Defendants' Additional Assets and/or Financial Accounts");

   A. Upon notice of this Order, Financial Institutions Holding Defaulting Defendants' Additional Assets and/or Financial Accounts shall immediately locate Defaulting Defendants' Additional Financial Accounts, attach and restrain such Defaulting Defendants' Additional Assets in Defaulting Defendants' Additional Financial Accounts from being secreted, concealed, transferred or disposed of or withdrawn; and

   B. After twenty (20) business days following the service of this Order on Financial Institutions Holding Defaulting Defendants' Additional Assets and/or Financial Accounts, Financial Institutions Holding Defaulting Defendants' Additional Assets and/or Financial Accounts shall transfer all of Defaulting Defendants' Additional Assets to Plaintiff as partial or full satisfaction of Defaulting Defendants' Individual Damage Awards, unless Defaulting Defendants have filed with this Court and served upon Plaintiff's counsel a request that such Defaulting Defendants' Additional Assets be exempted from this Order.

## VI.   Miscellaneous Relief

1) Defaulting Defendants may, upon proper showing and two (2) business days written notice to the Court and Plaintiff's counsel, appear and move for dissolution or modification of the provisions of this Order concerning the restriction or restraint of Defaulting Defendants' Frozen Assets, Defaulting Defendants' Additional Assets and/or Defaulting Defendants' Additional Financial Accounts;

7

2) Any failure by Defaulting Defendants to comply with the terms of this Order shall be deemed contempt of Court, subjecting Defaulting Defendants to contempt remedies to be determined by the Court, including fines and seizure of property;

3) The Court releases the Ten Thousand U.S. Dollar ($10,000.00) security bond that Plaintiff submitted in connection with this action to counsel for Plaintiff, Epstein Drangel, LLP, 60 East 42nd Street, Suite 2520, New York, NY 10165; and

4) This Court shall retain jurisdiction over this matter and the parties in order to construe and enforce this Order.

**SO ORDERED.**

SIGNED this _17_ day of _January_, 2022, at _6:55_ _p_.m.

HON. JOHN G. KOELTL
UNITED STATES DISTRICT JUDGE